THE BOARD OF COUNTY COMMISSIONERS OF SHAWNEE
COUNTY v. LEWIS HANBACK.

*Error from Shawnee County.*

The construction put upon §§ 311, 318, Crim. Code [Comp. L., 281, 282],
in Com'rs Shawnee Co. v. Whiting [*ante,* p. 273] confirmed, to the effect
that § 318 providing that "whenever any person shall be convicted of
any crime or misdemeanor, no costs incurred on his part shall be paid by
the territory or county," limits the liability of the county as laid down
in § 311, to the items named in § 318; and *held* that costs of witnesses for
defendant below, in case of conviction and his insolvency, cannot be col-
lected of the county; such items not having been named in § 318.

*Held* that § 22, act of March 6th, 1862, providing a new rule for payment
of the fees of clerk and sheriff, does not affect the above conclusion.

This case arose out of the same criminal trial as the
next preceding case, and the facts are similar, except
that in this case the application was made by a witness
called for the defendant alone, to the county board for
an allowance for fees and mileage, while in the other
case (*Com'rs Shawnee Co.* v. *Whiting*) the application
was made by the sheriff of the county. The proceed-
ings in both cases are substantially similar.

*Tom Ryan,* for plaintiffs in error.

*John Guthrie,* for defendant in error.

*By the Court,* SAFFORD, J.

The decision of this court just rendered in the case
of Commissioners of Shawnee county v. C. C. Whiting,

involves, substantially, the points raised in the one now before us, and in effect, determines them. The law bearing upon the two cases is the same, excepting § 22, chap. 99, Comp. L., which does not touch this case; and in the discussion of the one, we naturally follow the same line of argument proper to be pursued in the other. Such being the case, we have only to refer to the decision mentioned as furnishing grounds for our action in this case.

The judgment of the district court is reversed and the cause remanded, with instructions to disallow the fees upon which it was based.

All the justices concurring.